## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DONALD F. INMAN, III,**

                                   **CASE NO. 2:12-CV-950**

     **Petitioner,**                   **JUDGE GREGORY L. FROST**

                                   **Magistrate Judge Elizabeth A. Preston Deavers**

     **v.**

**WARDEN, SOUTHEASTERN
CORRECTIONAL INSTITUTION,**

     **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the instant petition, Respondent's *Return of Writ,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DENIED** and that this action be **DISMISSED.**

**Facts and Procedural History**

Petitioner's underlying convictions on possession of marijuana and cultivation of marijuana are the result of his February 4, 2010, guilty plea in the Ross County Court of Common Pleas.  *Exhibit 3 to Return of Writ.*  The trial court sentenced Petitioner to 8 years imprisonment plus three years post-release control.  *Exhibit 4 to Return of Writ.*  Petitioner did not timely appeal.  On July 30, 2010, he filed a motion for a delayed appeal.  *Exhibits 6, 7 to Return of Writ*.  The Ohio Fourth District Court of Appeals granted the request for a delayed appeal.  Represented by new counsel Petitioner raised the following sole assignment of error:

> Appellant was denied notice of his right to an appeal and/or notice of the procedure and time limits involved in proceeding with an appeal, including, but not limited to his right to have assistance of

appointed counsel for the appeal as required by Criminal Rule 32(B).

*See Exhibit 9 to Return of Writ*.  On June 30, 2011, the state appellate court rejected his sole claim for relief.  Petitioner raised this same issue as his sole proposition of error in the Ohio Supreme Court.  *Exhibit 13 to Return of Writ*.  On November 11, 2011, the Ohio Supreme Court dismissed Petitioner's appeal.  *State v. Inman*, 130 Ohio St.3d 1439 (2011).

The Ohio Fourth District Court of Appeals summarized the pertinent facts and procedural history of the case as follows:

> On February 6, 2009, the Ross County Grand Jury returned an indictment that charged appellant with [possession of marijuana and cultivation of marijuana]. He initially pled not guilty, but later pled guilty. The trial court accepted his plea and at sentencing merged the two counts and imposed a mandatory eight year prison term. No immediate appeal was taken from that judgment.

> Subsequently, appellant filed (1) *a pro se* motion for leave to file a delayed appeal; and (2) an actual Notice of Appeal contemporaneously with his motion. We granted appellant's motion and the matter is properly before us for review.

> Appellant asserts that the trial court erred by not informing him of his appeal rights at the sentencing hearing. As a result, he reasons, his "sentence must be reversed." The prosecution counters that the trial court gave appellant the requisite notice in the petition to enter guilty plea, which appellant in fact signed. We believe, however, that any error that involves informing appellant of his right to appeal has been rendered moot. Appellant's App.R. 5(A)(1)(a) successful motion for delayed appeal remedied any alleged defect. Likewise, any errors that do not affect a substantial right must be disregarded. *See* Crim.R. 52(B). We do not believe that appellant suffered any prejudice after we granted his motion for a delayed appeal.

> Second, sound policy considerations weigh against appellant's argument. The only error that appellant alleges has been rendered harmless by granting appellant's request for a delayed appeal. We see nothing to be gained by a re-sentencing when appellant has not challenged the propriety of his conviction or his actual sentence. Generally, appellate courts must act to preserve scarce judicial

resources. *See State v. Kleekamp*, Montgomery App. No. 23533, 2010–Ohio–1906, at ¶ 99; *State v. Wooten* (Apr. 16, 1983), Athens App. No. 1284 (Stephenson, P.J., Dissenting).

With respect to appellant's claim that his actual judgment of conviction should be reversed because of the alleged failure to inform him of his appeal rights, appellant cites no authority that precisely addresses that issue and we have found none in our research. We, however, are disinclined to accept appellant's invitation to reverse his judgment of conviction when we have remedied the alleged error that forms the basis of his complaint. Accordingly, based upon the foregoing reasons we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

*State v. Inman*, No. 10CA3176, 2011 WL 2681916, at *1 (Ohio App. 4th Dist. June 30, 2011). On November 16, 2011, the Ohio Supreme Court dismissed Petitioner's appeal.

Petitioner pursued post conviction relief.  On September 15, 2011, Petitioner he filed petition pursuant to Ohio Revised Code § 2953.21, asserting that he had been denied effective assistance of counsel due to bad advice and conduct of his attorney, causing him to plead guilty. Petitioner asserted that, but for the unreasonable performance of his attorney, he would not have entered a guilty plea, but would have proceeded to trial.  He complains that defense counsel failed to advise him of his right to appeal, denied him discovery, failed to challenge the weight of marijuana involved, and failed to advise Petitioner that he would be subject to a mandatory minimum sentence.  Additionally, Petitioner asserted he was denied effective assistance of counsel because his attorney failed to present mitigating evidence at sentencing.  Petitioner argued that his sentence was void because the trial court failed to notify him he would be subject to post-release control.  *Exhibit 16 to Return of Writ.*  On June 29, 2011, the trial court denied Petitioner's post conviction petition, stating that "the majority of Petitioner's claims concerning his counsel's performance are simply false."  *Exhibit 18 to Return of Writ*, PageID #184. Petitioner apparently never filed an appeal.

Petitioner then filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner asserts that he was denied effective assistance of counsel because his attorney told him he would serve one to five years in prison and obtain judicial release in six months. Petitioner asserts that his attorney stated that he did not know how to handle marijuana cases and Petitioner should obtain new counsel. Petitioner has attached an affidavit from his grandmother in support of this claim. Petitioner complains that his attorney persuaded him to work for police to obtain a reduced sentence, which did not occur. Petitioner alleges that his attorney withheld discovery, and he was unable to view discovery material for one or two years. Petitioner complains that neither the trial court nor his attorney advised him of his right to appeal. He asserts that he is actually innocent of the charges against him because the prosecution could not establish the weight of the marijuana with which he is charged. He complains that his attorney failed to raise an issue regarding the weight of marijuana. It is the position of the Respondent that Petitioner has waived all of these claims for relief.

**Procedural Default**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If the petitioner fails to do so, but the state still provides a remedy to pursue, his or her petition is subject to dismissal for failure to exhaust state remedies. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004). If, because of a procedural default, the petitioner can no longer present the relevant claims to a state court, the petitioner also waives the claims for purposes of federal habeas review unless he or she can demonstrate

cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman,* 501 U.S. at 724; *Murray v. Carrier,* 477 U.S. 478, 485 (1986).

In the Sixth Circuit, a court must undertake a four-part analysis to determine whether procedural default is a bar to a habeas petitioner's claims. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x. 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). Specifically, the United States Court of Appeals for the Sixth Circuit requires the district courts to engage in the following inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . .  Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . .  Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Maupin,* 785 F.2d at 138 (internal quotations omitted).  Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) a substantial reason to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error.  *Id.* "Cause" under this test "must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some factor external to the defense [that] impeded [ ] efforts to comply with the State's procedural rule." Coleman, 501 U.S. at 753. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level or failure to appeal at all.  *Id.* at 750.

Nevertheless, "'[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray*, 477 U.S. at 495 (quoting *Engle v. Isacc*, 456 U.S. 107, 135 (1892)). Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Lott v. Coyle,* 261 F.3d 594, 601–02 (6th Cir. 2001) (same). The fundamental miscarriage of justice exception requires a showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 329 (1995).

All of Petitioner's on-the-record claims are waived due to Petitioner's failure to raise these claims on direct appeal, where Petitioner was represented by new counsel. His failure to raise the claims on direct appeal is a clear procedural default based on the rule in Ohio that errors which appear on the face of the record must be raised on direct appeal or be deemed to have been forfeited. If petitioner were to attempt his claims by any other means, they would be barred by Ohio's doctrine of *res judicata. See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981*); State v. Perry*, 10 Ohio St.2d 175.

The procedural rule barring petitioner's claims for relief constitutes adequate and independent state grounds for denying relief. The requirement that all available claims be asserted in the first appellate proceeding serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Further, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently

refused to review claims on the merits under that doctrine. *See State v. Cole; State v. Ishmail; State v. Perry.*

The Court concludes that petitioner has waived his right to present his on-the-record claims for federal habeas corpus review.  As set forth above, Petitioner can still secure review of these claims on the merits if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges.

Constitutionally ineffective assistance of counsel may constitute cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray*, 477 U.S. at 488–89). However, petitioner has failed to offer sufficient evidence of cause or prejudice to permit federal habeas corpus review. To the extent the claims could have been raised on direct appeal, petitioner was represented by new counsel and is bound by his lawyer's judgment of what issues likely had potential merit on appeal.  Additionally, petitioner cannot assert ineffective assistance of appellate counsel as cause for his failure to raise a claim of ineffective assistance of trial counsel on direct appeal.  Such claim has never been presented to the state courts, and therefore is likewise procedurally barred from review. *Edwards*, 529 U.S. at 451–52.

Petitioner's claim that his attorney performed in a constitutionally ineffective manner by failing to advise him of his right to appeal or failing to file an appeal on his behalf, or that the trial court committed constitutional error by failing to do so plainly lacks merit under the Sixth Amendment, which guarantees a criminal defendant the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14, (1970).

Nearly forty years ago, the United States Supreme Court reiterated that the right to counsel guaranteed by the Sixth Amendment to the U.S. Constitution is the "right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a

complaint of ineffective assistance of counsel, a defendant must meet the now-familiar two-prong *Strickland* test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687. The Supreme Court emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. Put plainly, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Id*. Moreover, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 692. Rather, a defendant must demonstrate prejudice to prevail on a claim of ineffective assistance of counsel. *Id*. at 693. To do so, a defendant must establish that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because a defendant must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, should the court determine that he or she has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

The state appellate court rejected Petitioner's claim based on his failure to establish prejudice. This decision is binding on this Court unless that decision is contrary to or involves an unreasonable application of clearly established federal law as determined by the United States Supreme Court:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court has explained:

> "[A]n unreasonable application of federal law is different from an incorrect application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Indeed, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.*, at 411, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389. Rather, that application must be "objectively unreasonable." *Id*., at 409, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389. This distinction creates "a substantially higher threshold" for obtaining relief than de novo review. *Schriro v. Landrigan,* 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). AEDPA thus imposes a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and "demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam).

*Renico v. Lett*, 559 U.S. 766, 773 (2010) (footnote omitted.)

> "[C]learly established" law under § 2254(d)(1) consists of "the holdings, as opposed to the dicta, of this Court's" cases. *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" of that law involves not just

> an erroneous or incorrect decision, but an objectively unreasonable one. *Renico v. Lett*, 559 U.S. ——, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010).

*Wong v. Smith*, 131 S.Ct. 10 (Mem), 2010 WL 752363, at *2 (Nov. 1, 2010). Further,

> a federal habeas court may not grant habeas relief under 2254(d)(2) merely because it disagrees with a state trial court's factual determination. Rather, the state court's factual determination must be 'objectively unreasonable' in light of the evidence presented during the state proceedings. Furthermore, a state court's factual determinations are presumed correct, and can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has failed to meet this standard here.

*Dennis v. Mitchell*, 3564 F.3d 511, 518 (6th Cir. 2003). Clear and convincing evidence is that degree of proof which is more than a mere preponderance of the evidence, but does not rise to the certainty required under beyond a reasonable doubt, and which will produce a "firm believe or conviction as to the facts sought to be established." *Elder v. Berghuis*, 644 F.Supp.2d 888, 893 (W.D. Mich. 2009). Plainly, Petitioner cannot meet this standard here.

This Court agrees that any prejudice resulting from counsel's alleged failure to advise Petitioner of the right to appeal or file an appeal on his behalf or on the trial court's failure to do so was cured when the state appellate court granted his motion for a delayed appeal. Petitioner then had the opportunity to raise any of his claims on appeal. The fact that he did not do so may be attributed to appellate counsel. But again, Petitioner cannot use this ground to establish cause for his procedural default, because he failed to present his claim of ineffective assistance of appellate counsel to any state court. *Edwards*, 466 U.S. at 451—52 (holding that constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted.)

To the extent that Petitioner's claims rely on evidence not readily apparent from the face of the record, Petitioner properly raised these claims in his petition for post-conviction relief

pursuant to O.R.C. § 2953.21. He failed, however, thereafter to timely appeal to the state appellate court, and may no longer do so, as Ohio does not permit delayed appeals in post-conviction proceedings. Under Ohio law, a delayed appeal is not available in civil proceedings. *See* Ohio Rule of Appellate Procedure 5(A). The Supreme Court of Ohio has specifically held that "a delayed appeal pursuant to App. R. 5(A) is not available in the appeal of a postconviction relief determination . . . [and] that post-conviction relief proceedings will be governed by the Ohio Rules of Appellate Procedure as applicable to civil actions." *State v. Nichols*, 11 Ohio St.3d 40, 43 (1984). Since petitioner failed to timely file an appeal from the trial court's denial of his post-conviction petition and Ohio does not permit delayed appeals from post-conviction relief determinations, the first *Maupin* factor is met as there is a state procedural rule applicable to petitioner's claim. *Wright v. Lazaroff*, 634 F.Supp.2d 971, 987–88 (S.D. Ohio 2009).

> [T]his Court may presume that the state court would not have ignored its own procedural rule disallowing delayed appeals from post-conviction proceedings. *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). The inapplicability of delayed appeals under Ohio App. R. 5(A) for denials of post-conviction relief is firmly established and regularly followed by Ohio courts. *See Carley v. Hudson*, 563 F.Supp.2d 760, 776 (N.D. Ohio 2008) (and cases cited therein).

*Id*. at 988; *see also Nesser v. Wolfe*, 370 Fed. Appx. 665 (unpublished), 2010 WL 1141006, at *4 (6th Cir. March 25, 2010) (holding that "Ohio does not permit delayed appeals in post-conviction proceedings . . . ."). This is an adequate and independent ground upon which to foreclose all of his off-the-record claims that he presents for review in this proceedings.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333 (1992). "It is important to note in this regard that 'actual innocence'

means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

This is not such a case. Petitioner has not presented any new evidence of his actual innocence. Instead, he contends that he is actually innocent based on insufficient weight of marijuana.

In short, Petitioner's claims are waived or plainly lack merit. The Magistrate Judge therefore **RECOMMENDS** that the instant habeas corpus petition be **DENIED** and that this action be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


s/ *Elizabeth A. Preston Deavers*
**Elizabeth A. Preston Deavers**
**United States Magistrate Judge**

**Date:  April 22, 2014**